1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  COZETTE A. WOLFINBARGER,            No. 2:12-CV-0174-CMK

12                  Plaintiff,

13          vs.                         MEMORANDUM OPINION AND ORDER

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                    Defendant.
16  _____/

17          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

20  judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).  Pending

21  before the court are plaintiff's motion for summary judgment (Doc. 17) and defendant's cross-

22  motion for summary judgment (Doc. 19).  For the reasons discussed below, the court will grant

23  plaintiff's motion for summary judgment for remand and deny the Commissioner's cross-motion

24  for summary judgment.

25  / / /

26  / / /

# I. PROCEDURAL HISTORY[1]

Plaintiff applied for social security benefits on October 26, 2007, alleging an onset of disability on June 1, 2002, due to disabilities including fibromyalgia, arthritis in back, reconstruction of left ureter, irritated bowel syndrome, cluster headaches, chronic pain, chronic fatigue, ulcer, disorders of the back (discogenic & degenerative) and other rheumatic heart disease (Certified administrative record ("CAR") 81-84, 142-45, 152-54, 161-72). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested an administrative hearing, which was held on February 24, 2010, before Administrative Law Judge ("ALJ") Sharilyn Hopson. In an April 9, 2010, decision, the ALJ concluded that plaintiff is not disabled[2]

---

[1]   Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here. The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[2]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

based on the following findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2.  The claimant has not engaged in substantial gainful activity since June 1, 2002, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3.  The claimant has the following severe impairments:  congenital adynamic left ureter with chronic left pyelonephritis/left kidney atrophy and stage 1 chronic kidney disease; fibromyalgia syndrome; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand and/or walk six hours in an eight-hour day with normal breaks such as every two hours; she can sit six hours in an eight-hour day with normal breaks such as every two hours, with standing and stretching breaks every 30 minutes, estimated to last one to three minutes at a time; she can lift and/or carry 10 pounds frequently and 20 pounds occasionally; she can occasionally stoop and bend; she can climb stairs, but not climb ladders; she cannot work at heights or balance; she can perform occasional neck motion, but should avoid extremes of motion; her head should be held in a comfortable position most of the time; she can maintain a fixed head position for 15 to 30 minutes at a time occasionally; she should not operate motorized vehicles or work around unprotected machinery; and she should work in an air-conditioned environment.

6.  The claimant is capable of performing past relevant work as a teacher's aide.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.  The claimant has not been under a disability, as defined in the

---

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

Social Security Act, from June 1, 2002, through the date of this
decision (20 CFR 404.1520(f) and 416.920(f)).

(CAR 30-36).  After the Appeals Council declined review on October 17, 2011, this appeal
followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is:
(1) based on proper legal standards; and (2) supported by substantial evidence in the record as a
whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is
more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521
(9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a
conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including
both the evidence that supports and detracts from the Commissioner's conclusion, must be
considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v.
Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's
decision simply by isolating a specific quantum of supporting evidence.  See Hammock v.
Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative
findings, or if there is conflicting evidence supporting a particular finding, the finding of the
Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).
Therefore, where the evidence is susceptible to more than one rational interpretation, one of
which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.
Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal
standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th
Cir. 1988).

/ / /

/ / /

/ / /

### III.  DISCUSSION

Plaintiff argues the ALJ erred in three ways:  (1) the ALJ's credibility determination was in error; (2) the ALJ's residual functional capacity (RFC) analysis was improper; and (3) the ALJ's Step 4 determination was erroneous.

### A.    CREDIBILITY

Plaintiff first argues that the ALJ's credibility determination was in error.  She argues the ALJ failed to provide specific, clear and convincing reasons for discrediting her subjective limitations, and improperly relied solely on the objective medical evidence.

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit credibility finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

/ / /

/ / /

/ / /

1    The claimant need not produce objective medical evidence of the
[symptom] itself, or the severity thereof.  Nor must the claimant produce
2    objective medical evidence of the causal relationship between the
medically determinable impairment and the symptom.  By requiring that
3    the medical impairment "could reasonably be expected to produce" pain or
another symptom, the Cotton test requires only that the causal relationship
4    be a reasonable inference, not a medically proven phenomenon.

5    80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799

6    F.2d 1403 (9th Cir. 1986)).

7        The Commissioner may, however, consider the nature of the symptoms alleged,

8    including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell,

9    947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the

10   claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

11   testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a

12   prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5)

13   physician and third-party testimony about the nature, severity, and effect of symptoms.  See

14   Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

15   claimant cooperated during physical examinations or provided conflicting statements concerning

16   drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

17   claimant testifies as to symptoms greater than would normally be produced by a given

18   impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

19   Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

20       As to plaintiff's credibility, the ALJ stated:

21   After careful consideration of the evidence, the [ALJ] finds that the
claimant's medically determinable impairments could reasonably
22   be expected to cause the alleged symptoms; however, the
claimant's statements concerning the intensity, persistence and
23   limiting effects of these symptoms are not credible to the extent
they are inconsistent with the above residual functional capacity
24   assessment.

25   [CAR 34].

26   / / /

6

1    The ALJ then reviewed plaintiff's medical evidence related to her kidney

2    problems, fibromyalgia and back issues.  She then summarized the medical opinions in the

3    record.  Thereafter, she determined the residual functional capacity to be supported by the

4    evidence as a whole, but found:

5          [a]lthough the claimant's subjective complaints are not entirely
           supported by the objective medical evidence, the [ALJ] considered
6          those complaints in the above residual functional capacity
           assessment.  Despite reporting mental limitations, there is no
7          evidence of any mental impairments to support those limitations;
           they are secondary to her pain complaints.  No further limitations
8          or restrictions are warranted.

9    [CAR 35].

10    Plaintiff argues the ALJ failed to provide sufficient reasons for determining she

11    was not entirely credible.  She argues that the ALJ relied solely on the objective medical

12    evidence, which is insufficient, failed to provide any other reason in support of the credibility

13    determination, and failed to discuss any of the credibility factors.

14    Defendant contends that the ALJ did not fully discredit plaintiff, but rather

15    partially credited plaintiff's allegations and took them into account in the RFC accordingly.  In

16    addition, the ALJ supported her determination based on plaintiff's routine course of treatment

17    and that her medical records and treatment were largely consistent with Dr. Landua's assessment.

18    Plaintiff counters that the reasons given by the defendant are not articulated by the ALJ, and are

19    not supported by the ALJ's decision but by citations to the record.

20    The undersigned finds plaintiff's arguments compelling.  While her arguments are

21    not fully developed or articulated for the court, the undersigned does find the ALJ failed to

22    support her credibility determination.  Originally stating that plaintiff's subjective complaints are

23    not entirely credible, the ALJ then states she has considered those complaints in determining the

24    RFC.  However, the ALJ fails to articulate what testimony was not credible and what evidence

25    undermined that testimony.  Reviewing the record, it would appear that the ALJ credited

26    plaintiff's testimony as to her need to change positions often, and not being able to sit or stand

1  for long periods of time.  However, plaintiff also testified to a need to lie down or nap often,

2  having on average three bad days a week wherein she is unable to do much, and has side effects

3  from medication which makes her tired.  None of these limitations were specifically addressed by

4  the ALJ, and therefore no reasons given as to why plaintiff's assertion of these limitations were

5  not credible.

6         As stated above, general findings are insufficient.  The ALJ is required to specify

7  what testimony is not credible, and what evidence undermines that testimony.  Here, the ALJ

8  erroneously failed to do so.

9              **B.  RESIDUAL FUNCTIONAL CAPACITY**

10        Next plaintiff argues the ALJ's RFC analysis was improper as she failed to

11  explain why she was crediting the medical opinions.

12        The undersigned finds this conclusory argument inadequate.  Plaintiff fails to

13  articulate how the ALJ erred in accepting the uncontroverted medical opinions.  The ALJ did not

14  indicate there were conflicting medical opinions nor that she was rejecting a medical opinion.

15  Similarly, plaintiff does not point to any conflicting medical opinion or evidence which would

16  give rise to the ALJ's need to resolve the conflict.

17        Accordingly, the undersigned finds no error in the ALJ's acceptance of the

18  medical opinions on which the RFC was based.

19              **C.    VOCATIONAL EXPERT**

20        Finally, plaintiff contends the ALJ erred in her determination that she was able to

21  perform her past relevant work.  As the court understands this argument, it relates to the

22  vocational expert's (VE) testimony that plaintiff could perform the job of teacher's aide based on

23  the limitations the ALJ found.  Defendant interprets this argument as a conflict between the VE's

24  testimony and the Dictionary of Occupational Titles (DOT).

25  / / /

26  / / /

1     At step four of the sequential evaluation process, the burden is on the claimant to

2 prove s/he can no longer perform any past relevant work. See Pinto v. Massanari, 249 F.3d 840,

3 844 (9th Cir.2001). However, the ALJ still has a duty to make the requisite factual findings to

4 support the conclusion regarding plaintiff's ability to perform any past relevant work.  See id.

5 The ALJ also has an affirmative responsibility to inquire whether a conflict exists between the

6 testimony of a vocational expert and the DOT. See SSR 00–4p, 2000 WL 1898704, at *4;

7 Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir.2007).

8     Here, the ALJ called a VE to testify at plaintiff's administrative hearing.  The ALJ

9 directed the VE to testify according to the Dictionary of Occupational Titles or explain why he

10 was not so testifying and to state what his testimony was based on (CAR 76-77).  The ALJ then

11 set forth the hypothetical which included the limitations the ALJ found appropriate for plaintiff,

12 to which the VE testified a person with those limitations could perform plaintiff's past relevant

13 work as a teacher's aide.  Based on the VE's testimony, the ALJ found plaintiff was capable of

14 performing her past relevant work.

15     Plaintiff argues there is a discrepancy between the DOT and her limitations

16 regarding her neck movements. However, the DOT expresses no clear limitations regarding the

17 neck movement expected of a teacher's aide ( DOT 099.324-010, 1991 WL 646952). While the

18 ALJ did not ask the VE specifically if his testimony conflicted with the DOT, she did request the

19 VE testify in accordance with the DOT or explain any conflict.  Based on the above, the

20 undersigned finds plaintiff fails to establish that the VE's testimony and the ALJ's subsequent

21 findings deviate from the DOT.

22                                        **IV.  CONCLUSION**

23     For the foregoing reasons, this matter will be remanded under sentence four of 42

24 U.S.C. § 405(g) for further development of the record and/or further findings addressing the

25 deficiencies noted above.

26 / / /

9

1    Accordingly, IT IS HEREBY ORDERED that:

2       1.    Plaintiff's motion for summary judgment (Doc. 17)  is granted;

3       2.    Defendant's cross-motion for summary judgment (Doc. 18) is denied;

4       3.    This matter is remanded for further proceedings consistent with this order;

5    and

6       4.    The Clerk of the Court is directed to enter judgment and close this case.

7

8    DATED:  February 24, 2014

9

10    **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26